LINA STILLMAN, ESQ
TONEILLE RAGLAN, ESQ
AYGUL CHARGES, ESQ
STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 832-1000
www.247EmploymentLawyer.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRENDA CABRERA

                        *Plaintiff*,

         -against-

EXCELLENCE LAUNDRY CENTER, LLC.
(DBA WASH-O ) And CAROLINA
MONTERRUBIA BARRERA
                     *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

BRENDA CABRERA ("Plaintiff"), individually by and through her attorneys, Stillman Legal,

P.C., upon her knowledge and belief, and as against EXCELLENCE LAUNDRY CENTER, LLC.,

CAROLINA MONTERRUBIA BARRERA and (each an "Individual Defendant" and collectively

with "Defendant Corporation", "Defendants"), allege as follows:

## NATURE OF THE ACTION

    1.    Plaintiff was a former employee of Defendants, employed work as a laundry worker

at WASH-O in the Upper West Side.

    2.    Defendants owned, operated, and/or a laundromat  https://www.wash-o.com/

located at 405 Central Park West, New York NY 10025.

3.      Plaintiff was hired by Carolina Monterrubio who required her to perform services as a laundry worker and also assist customers.

4.      Upon hiring Plaintiff in September 2021, Defendants paid Plaintiff $12 per hour, (5) five days per week, from 11 A.M until 7 P.M and Saturdays from 8 A.M until 5 P.M.

5.      After one-month Defendants raised her hourly salary to $13 per hour.  Defendants paid Plaintiff in cash.

6.      Plaintiff worked for Defendants  from September 20, 2021, until February 17, 2022.

7.      For the (5) five months that she worked for Defendants (Plaintiff worked from 11 A.M until 7 P.M and Saturdays from 8 A.M until 5 P.M (5) five days per week or 49 hours per week without the appropriate overtime compensation or minimum wage.

8.      Plaintiff Cabrera asked to receive the minimum wage, which is $15 per hour, but instead found herself threatened by Defendants.

9.      Throughout her employment with Defendants, Plaintiff Cabrera regularly worked in excess of forty (40) hours per week.

10.     Plaintiff is non-exempt under the NYLL. Among other things, Plaintiff Cabrera did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor.

11.     Defendants did not provide Plaintiff Cabrera with each payment an accurate statement of wages, as required by NYLL 195(3).

12.     Defendants never provided Plaintiff Cabrera with a written notice, in English and in Spanish (Plaintiff Cabrera's primary language), of her rate of pay,

employer's regular payday, and such other information as required by NYLL §195(1).

13.     Plaintiff regularly worked in excess of 40 hours per week but is not paid for all the hours she worked, or the proper overtime rate under New York State law and the wage orders promulgated thereunder.

14.     Plaintiff now brings this action, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

16.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff was employed by Defendants in this district.

*Defendants*

17.     Individual Defendant has owned, operated, and controlled Excellence Laundry Center LLC at all times relevant to this complaint.

18.     On information and belief, Excellence Laundry Center LLC is a corporation organized and existing under the laws of the State of New York with a principal place of business in New York, New York.

19.     Upon information and belief both Excellence Laundry Center LL, Individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

20.     On information and belief, the operations of Excellence Laundry Center individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on food and produce that has been transported across state lines.

21.     Defendant Carolina Monterrubia is an individual who has been the de facto and de jure owner, officer, and/or agent of Defendant Corporation during the relevant time period, and she is sued individually. Defendant Carolina Monterrubia has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Carolina Monterrubia has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

22.     At all times, relevant to this complaint, Defendants owned, operated, and/or controlled a the laundromat that is subject to this litigation.

23.     Defendant Carolina Monterrubia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Carolina Monterrubia is sued in her individual capacity as, on information and belief, an owner, officer, and/or agent of Defendant Corporation.

24.     Upon information and belief, Defendants Carolina Monterrubia and  possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

25.     Defendants Carolina Monterrubia determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Upon information and belief, individual Defendants Carolina Monterrubia had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff, and all similarly situated individuals and is her (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

31.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

32.     In each year from 2016 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that is separately stated).

*Defendants' General Employment Practices*

33.     Defendants' pay practices resulted in Plaintiff not receiving a payment of at least the minimum wage, resulting in great hardship.

34.     Plaintiff has been the victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she actually worked.

35.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

36.     Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage

and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

37. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

38. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for her full hours worked and for overtime due.

39. Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked and setting forth rate of minimum wage and overtime wage.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Violation of Minimum Wage Requirements

40. Plaintiff, on behalf of herself, realleges and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

41. At all relevant times, Defendants paid Plaintiff in amounts below the applicable statutory minimum wage for her hours worked, in violation of the FLSA, 29 U.S.C. § 206.

42. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were aware or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

43. As a result of the Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied wages at or exceeding the statutory minimum in accordance with the

FLSA in amounts to be determined at trial and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

44.     Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

45.     At all times relevant to this action, Defendants were Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

46.     Defendants had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of any compensation.

47.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

48.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

49.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

50.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

51.     Plaintiff was damaged in an amount to be determined at trial.

52.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

54.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

55.     Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Violation of the Minimum Wage and Overtime Provisions of the New York Labor Law)**

56.     Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

57.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58.     Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

59.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

60.     Plaintiff has been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

61.     50) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

63.     Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover

from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

64.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.      Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout her employment listing, *inter alia*, all her regular and minimum wage and overtime hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

66.      Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages;

(c)      Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

(d)      Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper

10

deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

   (e)  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

   (f)  Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages

   (g)  Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

   (h)  Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

   (i)  Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

   (j)  Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

   (k)  All such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 8, 2022

*Lina Stillman, Esq*
  Lina F. Stillman, Esq.

11